# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| KELLI KAYE HOLLORAN, <br>     Appellant, <br><br>    v. <br><br> DEPARTMENT OF VETERANS <br>    AFFAIRS, <br>     Agency. | DOCKET NUMBER <br> DE-3443-24-0037-I-1 <br><br><br> DATE:  September 3, 2024 |

## THIS ORDER IS NONPRECEDENTIAL[1]

Kelli Kaye Holloran, Florence, Arizona, pro se.

Jeffrey Dean Stacey, Lakewood, Colorado, for the agency.

Mark Goldner, Esquire, Chapel Hill, North Carolina, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### REMAND ORDER

¶1   The appellant has filed a petition for review of the initial decision, which dismissed her appeal without prejudice for administrative efficiency.  For the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Denver Field Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2       In the spring of 2021, the appellant, who was already employed by the agency, applied to a vacancy announcement for an agency Program Specialist position. *Holloran v. Department of Veterans Affairs*, MSPB Docket No. DC-3443-23-0359-I-1, Initial Appeal File (0359 IAF), Tab 3 at 4, 11, Tab 14 at 8. The announcement was for a term appointment not to exceed 2 years. 0359 IAF, Tab 14 at 8; USAJOBS, https://www.usajobs.gov/Job/599568000 (last visited Aug. 27, 2024). The appellant was offered the position, which the offer letters and a human resources specialist's email referred to as a term appointment. 0359 IAF, Tab 8 at 15-16, Tab 9 at 23-24. The appellant accepted the offer and was reassigned to the position on August 15, 2021. 0359 IAF, Tab 1 at 7-10. Contrary to the earlier indicia of the position's term status, the letter confirming the appellant's acceptance of the position and her Standard Form (SF) 50s indicated that her appointment was permanent. 0359 IAF, Tab 1 at 8-10, Tab 3 at 14-19.

¶3       In March 2023, the agency informed the appellant that her appointment had been erroneously coded as permanent, and that her term appointment would end on August 14, 2023. 0359 IAF, Tab 1 at 5, 11. The appellant filed an appeal of the agency's notification to the Board that same month. 0359 IAF, Tab 1. During the appeal she argued, among other things, that she confirmed with a human resources official that the appointment was permanent prior to accepting the position, which, when added to the other indicia of the appointment's permanent status, showed that the agency's March 2023 notification was a mistake. *Id.* at 5.

¶4 In May 2023, the administrative judge informed the appellant that her pending August 2023 separation had not yet been effected and ordered her to show cause why her appeal should not be dismissed for lack of jurisdiction on that basis. 0359 IAF, Tab 13. After receiving the appellant's response, the administrative judge dismissed the appeal in a May 2023 initial decision for lack of jurisdiction, finding that, because the appellant had not yet been separated, her appeal had been prematurely filed. *Holloran v. Department of Veterans Affairs*, MSPB Docket No. DC-3443-23-0359-I-1, Initial Decision (May 15, 2023); 0359 IAF, Tab 17. The appellant petitioned the Board for review in June 2023. *Holloran v. Department of Veterans Affairs*, MSPB Docket No. DC-3443-23-0359-I-1, Petition for Review File, Tab 1.

¶5 In October 2023, the appellant filed the present appeal of her separation, which she claimed had been effected in August 2023. *Holloran v. Department of Veterans Affairs*, MSPB Docket No. DE-3443-24-0037-I-1, Initial Appeal File (0037 IAF), Tab 1. Without holding the appellant's requested hearing, the administrative judge dismissed the appeal without prejudice for administrative efficiency. 0037 IAF, Tab 11, Initial Decision. The administrative judge did so having determined that the appellant's two appeals involved essentially identical issues and therefore needed not be litigated simultaneously. *Id.* at 2-3. The appellant filed a petition for review, to which the agency did not respond. *Holloran v. Department of Veterans Affairs*, MSPB Docket No. DE-3443-24-0037-I-1, Petition for Review File, Tab 1.

**ANALYSIS**

<u>The administrative judge shall afford the appellant further opportunity to establish chapter 75 jurisdiction over her appeal after providing her explicit information regarding her jurisdictional burden.</u>

¶6 The Board affirmed the initial decision in the appellant's March 2023 appeal of her then-pending separation without determining whether she nonfrivolously alleged chapter 75 jurisdiction. *Holloran v. Department of*

*Veterans Affairs*, MSPB Docket No. DC-3443-23-0359-I-1, Final Order (Sept. 3, 2024). The appellant's separation had not yet been effected during the proceedings before the administrative judge or by the close of the record on petition for review in that earlier appeal, and we find that whether the Board has chapter 75 jurisdiction over the appellant's separation is appropriately addressed in the present appeal. *See Nunley v. U.S. Postal Service*, 52 M.S.P.R. 442, 446 (1992) (stating that the Board lacks jurisdiction over an agency's action which has not yet occurred).

¶7      An appellant must, however, receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985); *Bent v. Department of State*, 123 M.S.P.R. 304, ¶ 11 (2016). The appellant's assertions below indicate that she appealed her separation under 5 U.S.C. chapter 75. 0037 IAF, Tab 7 at 2, Tab 8 at 4-5, Tab 10 at 4-5, 12. Understanding this, the administrative judge informed the appellant that whether the Board had jurisdiction over her appeal depended on whether she was properly serving under a term appointment. 0037 IAF, Tab 9 at 2. The administrative judge did not, however, give the appellant the opportunity to establish chapter 75 jurisdiction after informing her that this was the central issue in her case, no less provide her explicit information regarding how she may do so.[2]  0037 IAF, Tab 9.

¶8      In *Edwards v. Department of the Air Force*, 120 M.S.P.R. 307, ¶¶ 2, 9-11 (2013), *overruled on other grounds by Requena v. Department of Homeland*

---

[2] An administrative judge's failure to provide an appellant proper jurisdictional notice can be cured if the agency's pleadings contain the notice or the initial decision puts the appellant on notice of what she must do to establish jurisdiction, affording her the opportunity to meet her jurisdictional burden on review. *Easterling v. U.S. Postal Service*, 110 M.S.P.R. 41, ¶ 11 (2008). Here, neither the agency's filings nor the initial decision apprised the appellant of her jurisdictional burden in a chapter 75 appeal. Further, the administrative judge's earlier notices, which informed the appellant of other statutory bases for jurisdiction and that her claim regarding her tenure change appeared to be barred by collateral estoppel, could not have assisted the appellant in establishing chapter 75 jurisdiction over her appeal. 0037 IAF, Tab 2 at 2-4 & nn.1-4, Tab 7 at 2-3.

*Security*, 2022 MSPB 39, ¶ 14, a case presenting a similar jurisdictional issue to that presented here, the Board considered the record and the appellant's assertions before the administrative judge to conclude that, despite his employing agency's representations to the contrary, the appellant nonfrivolously alleged that he was not serving in a term position at the time of his separation. On remand, the administrative judge shall advise the appellant of her jurisdictional burden consistent with cases such as *Edwards*,[3] and afford her further opportunity to nonfrivolously allege jurisdiction under chapter 75.

<u>If the appellant establishes chapter 75 jurisdiction over her appeal, the administrative judge shall determine whether the appeal was timely filed or, if not, whether good cause existed for the appellant's filing delay.</u>

¶9 An appeal must be filed with the Board no later than 30 days after the effective date of the action being appealed, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later. 5 C.F.R. § 1201.22(b)(1). The Board will dismiss an appeal that is untimely filed unless the appellant shows good cause for the delay. 5 C.F.R. § 1201.22(c). We recognize that the appellant filed the present appeal over 2 months after her separation, and that the timeliness of the appeal is thus at issue. Accordingly, on remand, if the administrative judge finds that the appellant establishes chapter 75 jurisdiction over her appeal, he shall determine whether the appeal was timely filed or, if not, whether good cause existed for the appellant's filing delay. If he reaches the timeliness issue, the administrative judge should advise the parties of the issue and afford them the opportunity to submit evidence and argument on the matter.[4]

---

[3] The Board in *Edwards*, 120 M.S.P.R. 307, ¶ 7, noted, among other things, that though the expiration of a term appointment is not appealable in a chapter 75 appeal, the Board looks to the totality of the circumstances to determine the nature of an employee's appointment; an employee's SF–50, although the customary document used to memorialize a personnel action, is not controlling. The Board further noted that whether an employee meets the definition of "employee" under 5 U.S.C. § 7511 is irrelevant to whether an employee can appeal the expiration of a term position. *Id.*

**The administrative judge shall also address the appellant's whistleblower reprisal claim on remand.**

¶10    Though the appellant made a vague whistleblower reprisal claim in her initial appeal based on her alleged disclosures of "hacking to the FBI and other authorities and discovery of extreme fraud in employment," she confirmed during a status conference that she was not asserting a whistleblower reprisal claim. 0037 IAF, Tab 1 at 2, Tab 7 at 2. But then, in response to the status conference summary stating that she was not alleging whistleblower retaliation, the appellant reasserted whistleblower reprisal. 0037 IAF, Tab 8 at 7. Under these circumstances, we are unable to discern whether the appellant, who acted pro se throughout the appeal, intended to abandon her whistleblower reprisal allegation. *See Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶¶ 17-18.

¶11    Accordingly, if the administrative judge determines on remand that the Board has jurisdiction over the appellant's separation under chapter 75 and that the appeal was timely filed or good cause existed for any filing delay, he should then provide the appellant the option of having her whistleblower reprisal claim treated as an affirmative defense. If, however, the administrative judge concludes that the Board lacks chapter 75 jurisdiction over the appellant's separation or that the appeal was untimely filed as a chapter 75 appeal without good cause shown, he should determine whether the appellant wishes to proceed with her whistleblower reprisal claim as an individual right of action appeal, and if she does, advise her accordingly.

---

[4] We observe that, when an agency is required to notify an individual of her Board appeal rights, but fails to do so—as may be the case here—that failure may constitute good cause for a filing delay. *Arrington v. Department of the Navy*, 117 M.S.P.R. 301, ¶ 15 (2012). In such cases, an appellant need not show that she acted diligently in discovering her Board appeal rights; she need only show that she acted diligently in pursuing her Board appeal rights once she discovered them. *Id.*

**ORDER**

¶12     For the reasons discussed above, we remand this case to the Denver Field Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.